UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:15-cv-80665-DDM

EMILY SCHWEITZER,

    Plaintiff,

v.

COMENITY BANK,

    Defendant.
_____/

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF HER STATEMENT
OF MATERIAL FACTS IN SUPPORT OF HER MOTION FOR FINAL
SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW**

**MARC A. WITES**
mwites@wklawyers.com
Fla Bar No. 24783
**WITES & KAPETAN, P.A.**
4400 North Federal Highway
Lighthouse Point, FL 33064
Telephone: (954) 570-8989
Facsimile: (954) 354-0205

Counsel for Plaintiff

Pursuant to Rule 56, Fed.R.Civ.P., and Local Rule 56.1, S.D.Fla.L.R., Plaintiff Emily Schweitzer files this Reply in Further Support of her Statement of Material Facts in Support of Her Motion for Final Summary Judgment and Incorporated Memorandum of Law [D.E. 49], and states as follows:

1. To the extent Plaintiff's Reply does not address the issues raised in Defendant's Opposition to Plaintiff's Statement of Material Facts [D.E. 61], Plaintiff relies on her Statement of Material Facts ("Plaintiff's Statement"), her Motion for Final Summary Judgment, and her Reply in Further Support of Her Motion for Final Summary Judgment. By way of example, much of Defendant's Opposition Statement is devoted to arguing issues of law, rather than proffering record evidence in an attempt to create a dispute of material fact. *See, e.g.,* Defendant's Opposition Statement at ¶¶15-20 (wherein Defendant does not contest that the facts set forth in Plaintiff's Statement are undisputed, but instead offers legal argument about such undisputed facts).

2. Defendant's argument that Plaintiff's Statement exceeds the page limitation of Local Rule 56.1(a)(1), S.D.Fla.L.R., is without support. *See* Defendant's Opposition Statement at 1, n. 1. Local Rule 7.1(c)(2) provides that "title pages preceding the first page of text, … signature pages, … and certificates of service shall not be counted for purposes of this rule", which addresses page limitations. Plaintiff's Statement is 10 pages in length, exclusive of the title page and signature page, as numbered by Plaintiff in her Statement.

3. Defendant's contention in paragraph 2 of its Opposition Statement is without support as Defendant's CCA does not contain any language addressing the revocation of consent.

4. Defendant's contention in paragraph 3 of its Opposition Statement is without support. Foundation evidence is that which must be laid as the foundation to the admission of

-1-

other evidence such as the qualifications of an expert prior to the admission of expert witness testimony. There is no foundation requirement to ensure that a witness understands that meaning of plain and common words, and there is no record evidence that the witness at issue did not understand the word "evidence". Moreover, as set forth in Plaintiff's Motion for Final Summary Judgment and Reply in further support of such Motion, Defendant's CCA does not and cannot, as a matter of law, serve to prohibit Plaintiff's right under the TCPA to revoke consent.

5. Defendant's contention in paragraph 5 of its Opposition Statement is without support as there is no record evidence at DE 24, pp. 5-9, or anywhere else in the record, that after May 27, 2013 that Defendant and Plaintiff confirmed, discussed or even mentioned that Defendant could use an automated dialer to call Plaintiff's cell phone, or that Plaintiff "gave" her cell phone number to Defendant.

6. Defendant's contention in paragraph 9 of its Opposition Statement is without support as Plaintiff never quoted Defendant's representatives as having used the word "excessive." Paragraph 9 of Plaintiff's Statement does not contain any quotation marks. In the testimony for which Plaintiff provided citations, Defendant's representative Mr. Gervais testified that up to 8 calls per day is not overcalling or too many for one day. Gervais Dep. at p. 28, lines 10-14, Exh. G.[1]

7. Defendant's contention in paragraph 10 of its Opposition Statement is without support as Defendant's compliance manual states that "[c]onsumers may request to stop calls to a mobile phone number at any time via verbal or written notice." Exh. J.

---

1   All references to Exhibits herein, unless otherwise indicated, are those exhibits attached to Plaintiff's October 19, 2015, Memorandum in Opposition to Defendant's Motion for Summary Judgment and Incorporated Memorandum of Law [DE 35] and Motion for Final Summary Judgment [D.E.50].

8. Defendant's contentions in paragraphs 15 – 17, 32-35, and 37-38 of its Opposition Statement are without support. Such undisputed facts are material because in determining whether revocation of consent was reasonable, courts may consider "whether the caller could have implemented mechanisms to effectuate a requested revocation without incurring undue burdens." *In re Rules and Regulations Implementing the TCPA of 1991,* Declaratory Ruling and Order, CG Docket No. 02–278, WC Docket No. 07–135, FCC 15–72, 2015 WL 4387780 (released Jul**.** 10**,** 2015)("FCC 2015 Order") at ¶64, n. 233. Similarly, such facts are material to whether Defendant willfully violated the TCPA by continuing to call Plaintiff using an auto dialer despite having the ability to communicate with her using other methods.

9. Defendant's contention in paragraph 20 of its Opposition Statement is without support as whether Defendant obtained Plaintiff's express consent to call her using an auto dialer after October 13, 2014 - the date that Plaintiff revoked her consent - is material to Plaintiff's claims as the TCPA requires that a caller obtain express consent to call a cell phone using an auto dialer for non-emergency purposes.

10. Defendant's contentions in paragraphs 21 – 25, and 30 of its Opposition Statement are without support as these facts are both undisputed and material. Defendant is bound by the admissions of its corporate representatives, all of whom have testified that they understood Plaintiff's statement as an instruction to stop calling her.

11. Defendant's contention in paragraph 27 of its Opposition Statement is without support as Defendant offers no explanation of how it determined or calculated that it called Plaintiff 255 times, rather than 258 times, following October 13, 2014.

12. Defendant's contention in paragraph 28 of its Opposition Statement is without support. In the testimony cited by Defendant, Plaintiff offered a far more expansive explanation

of the hours she worked, explaining that she was sometimes required to arrive earlier and stay later that such start and end times. Thus, for purposes of her Motion for Summary Judgment, Plaintiff has offered a more restrictive time frame, in keeping with traditional business practices, that represents a "workday", which resulted in fewer calls being included in the count of 258 calls.

13. Defendant's contention in paragraph 41 of its Opposition Statement is without support as Defendant does not offer any evidence to the contrary to create a dispute of fact, whether material or not.

RESPECTFULLY SUBMITTED:

By: /s/ Marc A. Wites
**MARC A. WITES**
mwites@wklawyers.com
WITES & KAPETAN, P.A.
4400 North Federal Highway
Lighthouse Point, FL 33064
Telephone: (954) 570-8989
Facsimile: (954) 354-0205

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 30, 2015, I served the foregoing via email on all counsel of record or pro se parties identified below in the Service List.

By:    /s/ Marc A. Wites
       **Marc A. Wites**

-5-

## SERVICE LIST

**DALE THOMAS GOLDEN, ESQ.**
Florida Bar No.: 0094080
**BENJAMIN W. RASLAVICH, ESQ.**
Florida Bar No.: 0102808
**GOLDEN SCAZ GAGAIN, PLLC**
201 North Armenia Avenue
Tampa, Florida 33609-2303
Phone: (813) 251-5500
Fax: (813) 251-3675
braslavich@gsgfirm.com
Counsel for Defendant